UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONTE SANDERS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

NO. 1:04-CV-00060(5)

**OPINION AND ORDER**

This matter is before the Court on Petitioner Jonte Sanders' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (doc. 407), the government's Response (doc. 423), Petitioner's pro se Reply (doc. 427), and Petitioner's Supplemental Reply (doc. 446). For the reasons stated herein, the Court GRANTS Petitioner's Motion.

**I. Background**

On August 27, 2007, Petitioner Jonte Sanders, pursuant to a plea agreement with the United States, pled guilty to Count One of the Indictment charging him with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §846 and §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). The plea agreement states, in paragraph 4:

>The defendant understands that the punishment prescribed by law for the offense of distributing cocaine base, as charged in Count 1 of the Indictment pursuant to §

> 841(b)(1)(A), is from ten years to life imprisonment, a fine up to $4,000,000, and at least a five year term of supervised release.

The Statement of Facts attached to the agreement stated, in part:

> Between December 2002, and May 2004, this defendant, at the direction of Antwynn Beavers, would deliver cocaine base to other customers for Antwynn Beavers. This defendant was aware and knew that, during this period, Antwynn Beavers had distributed in excess of 50 grams of cocaine base.
> Between December 2002, and May 2004, this defendant conspired with Antwynn Beavers and others, known and unknown, to distribute, possess with intent to distribute, or otherwise attempted to distribute and possess with intent to distribute at least 2307.00 grams of cocaine as well as 5.11 grams of cocaine base in the Southern District of Ohio.

During the change of plea hearing, Petitioner pled guilty to Count 1, and agreed that he had read and understood the plea agreement, and that the statement of facts was accurate (doc. 313).

Before the sentencing hearing, the Probation Department prepared a Final Presentence Investigation Report ("PSR"), which set forth Petitioner's guideline imprisonment range as 121-151 months based on an offense level of 30 and a criminal history category of III (doc. 244). The offense level was calculated based on the drug amount attributable to Petitioner, and not that attributed to the entire conspiracy (Id.).

At the sentencing hearing, the Court allowed a two-level reduction for acceptance of responsibility and found that based on a total offense level of 28 and a criminal history category of III,

Petitioner's guideline range was 97-121 months (doc. 315). The Court initially sentenced Petitioner to 100 months, but after the United States informed the Court of the ten year mandatory minimum, the Court increased Petitioner's sentence to 120 months, stating "[u]nder those circumstances, this Court- this has nothing to do with the guidelines. I have no discretion" (Id.).

Petitioner appealed his sentence, and the Sixth Circuit upheld the conviction and sentence. United States v. Sanders, No. 05-3268, slip. Op. At 4 (6th Cir. May 31, 2006). Thereafter, Petitioner filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (doc. 407). Petitioner also filed a motion to appoint counsel, which the Court granted (doc. 426). The motion was fully briefed by both sides, and is now ripe for the Court's consideration.

**II. Discussion**

Petitioner moves the Court for an order setting aside his sentence, arguing that he was incorrectly sentenced to a mandatory ten-year minimum sentence (doc. 407). A motion to vacate, set aside or correct a sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998). The Court finds Petitioner's argument that the Court erred in imposing a ten-year mandatory minimum sentence without making a specific finding

regarding drug quantity well-taken.[1]  Under 21 U.S.C. §§ 846, 841(a)(1),(b)(1)(A), and (b)(1)(B), a conspiracy to distribute five or more kilograms of cocaine, or 50 or more grams of cocaine base, carries a mandatory minimum sentence of ten years, and the distribution of less that five kilograms, but more than 500 grams of cocaine, or less than 50 grams, but more than five grams of cocaine base carries a mandatory minimum sentence of five years. 21 U.S.C. §§ 846, 841(a)(1),(b)(1)(A), and (b)(1)(B).

The Petitioner argues that "when sentencing a defendant for a plea to a drug conspiracy, the court must make a finding of the drug amount attributable to or foreseeable by the defendant" (doc. 446, citing United States v. Pruitt, 156 F.3d 638, 644-45 (6th Cir. 1998).  Petitioner contends that the Court did make such a finding, but that the amount only triggered the five-year mandatory minimum, stating:

> Although the plea agreement states that Sanders was aware that Antwynn Beavers had distributed in excess of 50 grams of cocaine base, it also said that the amount of controlled substances reasonably foreseeable to Sanders amounts to a level 28 and that Sanders was responsible for at least 2307.00 grams of cocaine as well as 5.11 grams of cocaine base(Id.).

Petitioner argues that even if the Court can conclude that it was foreseeable to Petitioner that Beavers distributed in excess of 50

---

[1] Because the Court finds this basis for granting Petitioner's motion well-taken, the Court need not consider Petitioner's other grounds for relief.

grams of cocaine base, the only finding made by the Court was that Petitioner was "responsible for at least 400 kilograms but less that 700 kilograms of marijuana," which equates to at least 2307.00 grams of cocaine as well as 5.11 grams of cocaine base, which would not trigger the ten-year minimum sentence (Id.).

In response, the government argues a drug conspirator is not responsible only for those amounts that he personally possessed, but also for "any amount...distributed by co-conspirators in furtherance of the execution of the jointly undertaken criminal activity, which was reasonably foreseeable to the defendant" (doc. 423, quoting United States v. Elder, 90 F.3d 1110, 1126 (6th Cir. 1996). The government contends that Petitioner's acknowledgment during the plea colloquy that he was aware that the conspiracy in which he participated involved at least fifty grams of cocaine base conclusively establishes a factual basis for the ten year mandatory minimum (Id.).

After reviewing the record and relevant case law, the Court finds Plaintiff's position persuasive. For the statutory minimum sentence to apply, a district court must make a specific finding as to the amount of drugs that the particular defendant was responsible for or could reasonably foresee. United States v. Elder, 90 F.3d at 1126. As the Court of Appeals concluded in United States v. Estrada, 42 F.3d 228, 233 (4th Cir. 1994), a defendant's acknowledgment that he is subject to a mandatory

minimum sentence, or his admission to the drug quantity attributable to the conspiracy in a statement of facts is not sufficient to trigger a mandatory minimum sentence. "A specific quantity determination is necessary to determine which, if any, statutory minimum sentence applies." United States v. Ortega, 150 F.3d 937 (8th Cir. 1998). A review of the plea agreement, plea hearing transcript, PSR, and sentencing hearing in this matter reveal that the drug amount admitted to by Petitioner and the factual findings the Court made at sentencing only supported a five-year minimum sentence and not the ten-year minimum that the Court applied.

**III. Conclusion**

Therefore, for the foregoing reasons, the Court GRANTS Petitioner's Motion, VACATES Petitioner's sentence, and SCHEDULES a re-sentencing hearing for January 28, 2009 at 10:00 AM. Further the Court REQUESTS that the Probation Department review and supplement the original PSR prior to the hearing.

SO ORDERED.

Dated: November 19, 2008    <u>/s/ S. Arthur Spiegel</u>
                                       S. Arthur Spiegel
                                       United States Senior District Judge