```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JONTE SANDERS,                  :
                                :   NO. 1:04-CR-00060(5)
    Petitioner,                 :
                                :
                                :   **OPINION AND ORDER**
  v.                            :
                                :
                                :
UNITED STATES OF AMERICA,       :
                                :
    Respondent.                 :
                                :

This matter is before the Court on the United States' Motion for Reconsideration (doc. 459), and Petitioner's Memorandum in Opposition (doc. 459). For the reasons stated herein, the Court DENIES the government's motion.

**I. Background**

On August 27, 2007, Petitioner Jonte Sanders, pursuant to a plea agreement with the United States, pled guilty to Count One of the Indictment charging him with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §846 and §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). The plea agreement states, in paragraph 4:

> The defendant understands that the punishment prescribed by law for the offense of distributing cocaine base, as charged in Count 1 of the Indictment pursuant to § 841(b)(1)(A), is from ten years to life imprisonment, a fine up to $4,000,000, and at least a five year term of supervised release.

The Statement of Facts attached to the agreement stated, in part:

> Between December 2002, and May 2004, this defendant, at the direction of Antwynn Beavers, would deliver cocaine base to other customers for Antwynn Beavers. This defendant was aware and knew that, during this period, Antwynn Beavers had distributed in excess of 50 grams of cocaine base.
>
> Between December 2002, and May 2004, this defendant conspired with Antwynn Beavers and others, known and unknown, to distribute, possess with intent to distribute, or otherwise attempted to distribute and possess with intent to distribute at least 2307.00 grams of cocaine as well as 5.11 grams of cocaine base in the Southern District of Ohio.

During the change of plea hearing, Petitioner pled guilty to Count 1, and agreed that he had read and understood the plea agreement, and that the statement of facts was accurate (doc. 313).

Before the sentencing hearing, the Probation Department prepared a Final Presentence Investigation Report ("PSR"), which set forth Petitioner's guideline imprisonment range as 121-151 months based on an offense level of 30 and a criminal history category of III (doc. 244). The offense level was calculated based on the drug amount attributable to Petitioner, and not that attributed to the entire conspiracy (Id.).

At the sentencing hearing, the Court allowed a two-level reduction for acceptance of responsibility and found that based on a total offense level of 28 and a criminal history category of III, Petitioner's guideline range was 97-121 months (doc. 315). The

Court initially sentenced Petitioner to 100 months, but after the United States informed the Court of the ten year mandatory minimum, the Court increased Petitioner's sentence to 120 months, stating "[u]nder those circumstances, this Court- this has nothing to do with the guidelines. I have no discretion" (Id.).

Petitioner appealed his sentence, and the Sixth Circuit upheld the conviction and sentence. United States v. Sanders, No. 05-3268, slip. Op. At 4 (6th Cir. May 31, 2006). Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (doc. 407). Petitioner also filed a motion to appoint counsel, which the Court granted (doc. 426). The Court then granted Petitioner's § 2255 motion and set the case for re-sentencing, stating "[a] review of the plea agreement, plea hearing transcript, PSR, and sentencing hearing in this matter reveal that the drug amount admitted to by Petitioner and the factual findings the Court made at sentencing only supported a five-year minimum sentence and not the ten-year minimum that the Court applied" (doc. 452). Now comes the government, requesting that the Court reconsider the Order granting Petitioner's motion (doc. 458).

**II. Discussion**

The government first argues that there is no requirement the Court make a specific finding of drug quantity attributable to Petitioner personally in order for the statutory minimum to apply

(Id.). In support of this contention, the government cites a recent Sixth Circuit case, United States v. Robinson, 2008 WL 4964148, at *4 (6th Cir. Nov. 24, 2008) (Id.). Second, the government argues that the basis which the Court granted relief to Petitioner was procedurally defaulted because Petitioner failed to raise the claim on direct appeal (Id., citing Peveler v. United States, 269 F.3d 693, 698 (6th Cir. 2001)). Further, the government submits that Petitioner cannot show the cause and prejudice required to excuse his procedural default because he cannot demonstrate that his attorneys' performance fell below an objective standard of reasonableness and under Robinson, his sentence was proper (Id.).

In response, Petitioner contends that Robinson, which was decided after the Court's Order, is distinguishable from this case, and therefore does not impact the Court's ruling (doc. 459). Petitioner argues that while a defendant convicted of a drug conspiracy may be responsible for the conspiracy in which he participated, here, Petitioner pleaded guilty and was convicted of a conspiracy with a mandatory 5-year minimum (Id.). Further, Petitioner notes that he did raise the issues of ineffective assistance of trial counsel and appellate counsel in his brief to the Court, and did show cause and prejudice to excuse any default (Id.).

Having reviewed this matter, the Court finds no basis to

reconsider its conclusion that Petitioner was improperly sentenced. In making this finding, the Court does not reject the principle that a defendant convicted of a drug conspiracy may be responsible for the conspiracy in which he participated.  However, the Court agrees with Petitioner that this case can be distinguished from <u>Robinson</u>. Unlike Robinson, here the indictment, instead of charging Petitioner with a specific quantity of drugs, only listed the particular penalty provisions, which included both the five year and ten year minimums.  Further, because Petitioner pled guilty to Count I of the indictment, which listed both minimums, the Court was not bound like the court in <u>Robinson</u>, to sentence petitioner to the ten year mandatory minimum.  Neither the indictment, nor the plea agreement made it clear to Petitioner or the Court that the ten year mandatory minimum applied, and the plea hearing, PSR, and sentencing hearing did not clarify the issue.  Therefore, the Court reiterates its finding that "the drug amount admitted to by Petitioner and the factual findings the Court made at sentencing only supported a five-year minimum sentence and not the ten-year minimum that the Court applied" (doc. 452).  Further, in reviewing Petitioner's original motion to the Court, the Court finds that Petitioner did raise sufficient concerns about trial and appellate counsel to show cause and prejudice to excuse any procedural default.  The government has made no new argument to dissuade the Court otherwise.

## III. Conclusion

For the foregoing reasons, the Court DENIES the government's motion (doc. 458).  The resentencing of Petitioner remains set for January 28, 2009, at 10:00 A.M.


SO ORDERED.

Dated: January 27, 2009            <u>/s/ S. Arthur Spiegel          </u>
                                   S. Arthur Spiegel
                                   United States Senior District Judge